UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| THUNDER PROPERTIES, INC., | ) | |
|           Plaintiff, | ) | |
| vs. | ) | 3:14-cv-00068-RCJ-WGC |
| JAMES L. WOOD et al., | ) | **ORDER** |
|           Defendants. | ) | |

This case arises out of the foreclosure of a residential property by a homeowners association. Pending before the Court is a Motion to Dismiss (ECF No. 6) and a Motion to Stay (ECF No. 14). For the reasons given herein, the Court grants the motion to dismiss in part and denies the motion to stay.

I.  **FACTS AND PROCEDURAL HISTORY**

On or about August 22, 1997, Defendants James and Cynthia Wood (the "Woods") acquired title to real property at 7365 Grand Island Dr., Sparks, Nevada 89436 (the "Property"). (Compl. ¶¶ 8, 13, Jan. 10, 2014, ECF No. 1-1). Defendant Bank of America, N.A. ("BOA") holds first and second deeds of trust against the Property recorded in 2003 and 2006, respectively. (*Id.* ¶¶ 16–17). The Property is also subject to Covenants, Conditions, and Restrictions ("CC&R") of non-party Wingfield Springs Community Association (the "HOA"), which were recorded in 1996. (*Id.* ¶¶ 8, 19). The Woods became delinquent in their dues to the

HOA, and the HOA therefore caused non-party ATC Assessment Collection Group ("ATC") to record one or more notices of delinquent association lien and a subsequent notice of default and election to sell and notice of trustee's sale. (*Id.* ¶¶ 21–25). ATC sold the Property at a trustee's sale to Plaintiff Thunder Properties, Inc. ("Thunder") on or about August 8, 2013. (*Id.* ¶ 27).[1] However, BOA has caused Defendant National Default Servicing Corp. ("NDSC") to record a notice of breach and election to sell and a notice of trustee's sale as to the Property. (*Id.* ¶¶ 48–49).

Plaintiff sued Defendants in state court to quiet title to the Property, for unjust enrichment, for an equitable mortgage, and for slander of title. A claim listed for preliminary injunctive relief is not properly counted as a cause of action. Defendants removed. The Woods do not appear to have been served. Defendants have asked the Court to dismiss, and Plaintiff has asked the Court to stay they case.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the

---

[1]The public records, of which the Court takes judicial notice, indicate that the first and second deeds of trust totaled approximately $235,000, and that the price given at the trustee's sale was $4538, less than 2% of the amounts of the deeds of trust, which shows almost conclusively, without more, that the HOA's sale was commercially unreasonable as to both the Woods and BOA. *See Levers v. Rio King Land & Inv. Co.*, 560 P.2d 917, 919–20 (Nev. 1977).

1  defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*
2  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is
3  sufficient to state a claim, the court will take all material allegations as true and construe them in
4  the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th
5  Cir. 1986).  The court, however, is not required to accept as true allegations that are merely
6  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*
7  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action
8  with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own
9  case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79
10 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff
11 pleads factual content that allows the court to draw the reasonable inference that the defendant is
12 liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule
13 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must
14 plead the facts of his own case so that the court can determine whether the plaintiff has any
15 plausible basis for relief under the legal theory he has specified, assuming the facts are as he
16 alleges (*Twombly-Iqbal* review).

17       "Generally, a district court may not consider any material beyond the pleadings in ruling
18 on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the
19 complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*
20 *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents
21 whose contents are alleged in a complaint and whose authenticity no party questions, but which
22 are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)
23 motion to dismiss" without converting the motion to dismiss into a motion for summary
24 judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule
25 of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

1  *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court

2  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

3  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

4  2001).

5  **III.    ANALYSIS**

6      Defendants argue that the foreclosure of an HOA lien does not extinguish the first

7  mortgage.  The Court agrees. *See generally Bayview Loan Servicing, LLC v. Alessi & Koenig,*

8  *LLC*, 962 F. Supp. 2d 1222 (Nev. 2013) (Jones, J.).  The Court also notes that even if the statute

9  functioned as Plaintiff argues, the present foreclosure was almost certainly commercially

10 unreasonable and voidable for that reason alone. *See id.* at 1229; *supra* note 1.  But that does not

11 mandate dismissal.  Plaintiff may still obtain an *in rem* judgment in this case, i.e., that it holds

12 title subject to BOA's deeds of trust. *See generally Wells Fargo Bank, N.A. v. SFR Investments*

13 *Pool 1, LLC*, No. 2:13-cv-1231, 2014 WL 846594, at *3 (D. Nev. Mar. 4, 2014) (Jones, J).  The

14 Court will therefore not dismiss the quit title action.

15     The Court dismisses the unjust enrichment claim because Plaintiff does not allege having

16 bestowed any benefit upon any Defendant that has been accepted and gone uncompensated. *See*

17 *id.* (citing *Unionamerica Mtg. v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981) (quoting *Dass v.*

18 *Epplen*, 424 P.2d 779, 780 (Colo. 1967))).  The Court also dismisses the slander of title claim, as

19 no malice is sufficiently alleged.  The allegations indicate only a claim of a valid lien against the

20 Property.  At worst, that claim is legally uncertain.  It is as a matter of law not knowingly "false."

21 The Court also dismisses the equitable mortgage claim because there is no allegation that any

22 Defendant ever intended to enter into a mortgage-type relationship with Plaintiff. *See Topaz Mut.*

23 *Co., Inc. v. Marsh*, 839 P.2d 606, 612–13 (Nev. 1992).

24     Plaintiff asks the Court to stay the present action pending the outcome of two cases

25 pending before the Nevada Supreme Court, on which oral argument was held on May 7, 2014:

*Villa Palms Court 102 Trust vs. Riley*, Case No. 62528, and *SFR Investments Pool I, LLC v. U.S. Bank*, Case No. 63078.  But the dockets in those cases indicate that the issue before the Nevada Supreme Court in each case is whether the state district court erred in denying preliminary injunctive relief to parties in Plaintiff's position.  No answer to that question would determine the present case, because a party need only show a reasonable chance of success on the merits and a likelihood of irreparable harm to succeed on such a motion.  It need not prove its case.  In the latter case, the questions are also presented whether an HOA must foreclose judicially to trigger the super-priority statute and whether a mortgagee's due process rights are violated by the statute in some cases.  This Court's opinion would not necessarily be changed on the present issues even if the Nevada Supreme Court were to rule in the relevant HOA's favor on all of those issues.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 6) is GRANTED IN PART and DENIED IN PART.  All claims are dismissed except the claim for quiet title.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 14) is DENIED.

IT IS SO ORDERED.

Dated:  June 9, 2014.

_____
ROBERT C. JONES
United States District Judge