# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| THUNDER PROPERTIES, INC., | ) | |
| Plaintiff, | ) | |
| | ) | 3:14-cv-00068-RCJ-WGC |
| vs. | ) | |
| JAMES L. WOOD et al., | ) | **ORDER** |
| Defendants. | ) | |

This case arises out of the foreclosure of a residential property by a homeowners association. Pending before are a Motion to Voluntarily Dismiss (ECF No. 25) and a Motion to Amend the Answer to Plead a Counterclaim (ECF No. 29). For the reasons given herein, the Court grants the motions.

On or about August 22, 1997, Defendants James and Cynthia Wood (the "Woods") acquired title to real property at 7365 Grand Island Dr., Sparks, Nevada 89436 (the "Property"). (Compl. ¶¶ 8, 13, Jan. 10, 2014, ECF No. 1-1). Defendant Bank of America, N.A. ("BOA") holds first and second deeds of trust against the Property recorded in 2003 and 2006, respectively. (*Id.* ¶¶ 16–17). The Property is also subject to Covenants, Conditions, and Restrictions ("CC&R") of non-party Wingfield Springs Community Association (the "HOA"), which were recorded in 1996. (*Id.* ¶¶ 8, 19). The Woods became delinquent in their dues to the HOA, and the HOA therefore caused non-party ATC Assessment Collection Group ("ATC") to

1  record one or more notices of delinquent association lien and a subsequent notice of default and
2  election to sell and notice of trustee's sale. (*Id.* ¶¶ 21–25). ATC sold the Property at a trustee's
3  sale to Plaintiff Thunder Properties, Inc. ("Thunder") on or about August 8, 2013. (*Id.* ¶ 27).[1]
4  However, BOA has caused Defendant National Default Servicing Corp. ("NDSC") to record a
5  notice of breach and election to sell and a notice of trustee's sale as to the Property. (*Id.* ¶¶
6  48–49).

7       Plaintiff sued Defendants in state court to quiet title to the Property, for unjust
8  enrichment, for an equitable mortgage, and for slander of title. A claim listed for preliminary
9  injunctive relief is not properly counted as a cause of action. Defendants removed. Defendants
10 asked the Court to dismiss, and Plaintiff asked the Court to stay the case. The Court dismissed
11 all claims except the claim for quiet title and refused to stay the case because the only issue
12 before the Nevada Supreme Court was whether the party in Plaintiff's position here had made out
13 a prima facie case and was entitled to a preliminary injunction.

14      The Nevada Supreme Court has now ruled in *SFR Investments Pool 1, LLC v. U.S. Bank,*
15 *N.A.*, 334 P.3d 408 (Nev. 2014) that an HOA lien with any "superpriority" amount under Nevada
16 Revised Statutes ("NRS") section 116.3116 extinguishes a first mortgage recorded after the
17 declaration creating the HOA. *See id.* at 410–14. Plaintiff therefore requests to dismiss this case
18 voluntarily, because it does not see the need for a quiet title judgment. Plaintiff must obtain
19 leave of court to dismiss voluntarily at this point, however, because Defendants have answered.
20 *See* Fed. R. Civ. P. 41(a).

21      If a defendant has pled a counterclaim before being served with a motion to dismiss

22

23     [1]The public records, of which the Court takes judicial notice, indicate that the first and
second deeds of trust totaled approximately $235,000, and that the price given at the trustee's
24 sale was $4538, less than 2% of the amounts of the deeds of trust, which shows almost
conclusively, without more, that the HOA's sale was commercially unreasonable as to both the
25 Woods and BOA. *See Levers v. Rio King Land & Inv. Co.*, 560 P.2d 917, 919–20 (Nev. 1977).

voluntarily, a court may only dismiss over the defendant's objection if the counterclaim may remain pending for independent adjudication. *See* Fed. R. Civ. P. 41(a)(2). Here, Defendants have moved to amend the answer to add counterclaims, but the counterclaims were not previously pending. The Court therefore retains its normal discretion whether to dismiss. *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). If a defendant would be prejudiced or otherwise unfairly affected by a Rule 41(a)(2) dismissal, a court should not dismiss. *See id.* As the Court previously noted, even if the Nevada Supreme Court were to reverse on the interpretation of section 116.3116, there remain serious concerns about the commercial reasonableness of the foreclosure sale in this case. That is one of the counterclaims Defendants wish to plead. The Nevada Supreme Court itself noted the remaining due process and commercial reasonableness arguments, which it did not determine but remanded for determination in the district court. *See SFR Invs. Pool 1, LLC*, 334 P.3d at 418 & n.6. Defendants also wish to plead counterclaims concerning federal preemption of section 116.3116.

      The Court grants the motion to dismiss on the condition that Defendants may in the present action amend the answer to plead the proposed counterclaims such that the case will remain open for adjudication of the counterclaims. This Court is already familiar with the legal and factual issues in this case, and it would not be judicially economical to dismiss and require Defendants to file a new quiet title case. Even assuming no strict legal prejudice to Defendants from a dismissal, it seems clear that upon a dismissal Defendants would file their own suit over the issues identified in the present proposed counterclaims. Defendants would surely file in this District, and the case would then inevitably end up before this Court because of its relation to the present action. The Court believes it is within its discretion under Rule 41(a) to prevent such a pointless exercise in procedural hoop-jumping.[2]

---

[2]Furthermore, Defendants' present motion to amend the answer was part of its opposition to Plaintiff's present motion to dismiss. Plaintiff did not timely reply to the opposition, and it has

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Voluntarily Dismiss (ECF No. 25) and Motion to Amend the Answer to Plead a Counterclaim (ECF No. 29) are GRANTED. Defendants may plead counterclaims within seven (7) days of the entry of this Order into the electronic docket.

IT IS SO ORDERED.

Dated this 19th day of November, 2014.

_____
ROBERT C. JONES
United States District Judge

---

not yet opposed the motion to amend, which itself was ripe when filed two weeks ago.