UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THUNDER PROPERTIES, INC.,

          Plaintiff,

   vs.

JAMES L. WOOD et al.,

          Defendants.

3:14-cv-00068-RCJ-WGC

**ORDER**

This case arises from a residential foreclosure sale conducted by a homeowner's association pursuant to Nevada Revised Statute ("N.R.S.") 116.3116 for the owner's failure to pay dues.  Pending before the Court is Counter Defendant Thunder Properties, Inc.'s Motion to Dismiss Counterclaims (ECF No. 37).  Counter Claimants Bank of America, N.A. and Countrywide Home Loans, Inc. filed a Response (ECF No. 45), and Thunder Properties submitted a Reply (ECF No. 52).  For the reasons contained herein, the Motion is DENIED.

I.      FACTS AND PROCEDURAL HISTORY

On or about August 22, 1997, Defendants James and Cynthia Wood ("the Woods") acquired title to real property at 7365 Grand Island Drive, Sparks, Nevada 89436 ("the Property"). (Compl. ¶¶ 8, 13, ECF No. 1-1).  Defendant Bank of America holds first and second deeds of trust against the Property recorded in 2003 and 2006, respectively. (*Id.* ¶¶ 16–17).  The Property is also subject to Covenants, Conditions, and Restrictions ("CC&Rs") of non-party

1

Wingfield Springs Community Association ("HOA"), which were recorded in 1996. (*Id.* ¶¶ 8, 19). The Woods became delinquent in their dues to the HOA, and as such the HOA caused non-party ATC Assessment Collection Group ("ATC") to record one or more notices of delinquent association lien and a subsequent notice of default and election to sell and notice of trustee's sale. (*Id.* ¶¶ 21–25). ATC sold the Property at a trustee's sale to Thunder Properties on or about August 8, 2013.[1] (*Id.* ¶ 27). However, Bank of America has caused Defendant National Default Servicing Corp. ("NDSC") to record a notice of breach and election to sell and a notice of trustee's sale as to the Property. (*Id.* ¶¶ 48–49).

Thunder Properties sued Defendants in state court to quiet title to the Property, among other claims. Defendants removed and then subsequently asked the Court to dismiss, while Plaintiff asked the Court to stay the case. The Court dismissed all claims except for quiet title and refused to stay the case because the only issue before the Nevada Supreme Court was whether a party in Thunder Properties' position here had made out a prima facie case and was entitled to a preliminary injunction.

The Nevada Supreme Court has now ruled in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), that an HOA lien with any "super priority" amount under N.R.S. 116.3116 extinguishes a first mortgage recorded after the declaration creating the HOA. *See id.* at 410–14. Thereafter, Thunder Properties requested that this case be dismissed voluntarily because it no longer found a quiet title judgment necessary. Defendants, however, moved for leave to amend their Answer to include a number of counterclaims. The Court granted Plaintiff's motion to voluntarily dismiss as well as Defendants' motion for leave to amend. (Nov. 19, 2014 Order, ECF No. 33).

---

[1] The public records, of which the Court takes judicial notice, indicate that the price given at the trustee's sale was $4,538, whereas the first and second deeds of trust totaled approximately $235,000.

1    Defendants amended their Answer to include counterclaims to quiet title and for unjust

2    enrichment. (ECF No. 34). Defendants contend that Thunder Properties was not a bona fide

3    purchaser of the Property because the foreclosure sale did not comply with Nevada law, the sale

4    was commercially unreasonable, and *SFS Investments* does not apply to federally insured loans.

5    (Am. Answer ¶¶ 26–48, ECF No. 34).  The parties then stipulated to reinstate Thunder

6    Properties' Complaint since the litigation concerning title to the Property is continuing. (ECF

7    Nos. 51, 53).

8    Thunder Properties now moves the Court to dismiss Defendants' counterclaims for

9    failure to join indispensable parties pursuant to Rule 19.  Thunder Properties contends that

10   Defendants' arguments regarding the application of *SFR Investments* to federally insured loans

11   and the commercial reasonableness of the foreclosure sale require that the Department of

12   Housing and Urban Development ("HUD"), the HOA, and ATC be joined as parties in this case.

13   Accordingly, Thunder Properties asks that the case be dismissed or, alternatively, that

14   Defendants be required to join these parties.

15   **II.    LEGAL STANDARD**

16   Rule 19 governs whether joinder of an absent party is essential in a particular case, and it

17   requires a court to engage in "three successive inquiries." *EEOC v. Peabody W. Coal Co.*, 400

18   F.3d 774, 779 (9th Cir. 2005).  First, the court must determine whether the person or party to be

19   joined is "necessary." *Id.*  Rule 19(a) provides a two-prong inquiry for determining whether a

20   party is necessary. *White v. Univ. of Cal.*, 765 F.3d 1010, 1026 (9th Cir. 2014).  A party is

21   necessary if (1) "in that person's absence, the court cannot accord complete relief among existing

22   parties" or (2) "that person claims an interest relating to the subject of the action and is so

23   situated that disposing of the action in the person's absence may . . . impair or impede the

24

3

person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a).

"If an absentee is a necessary party under Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined." *Peabody W. Coal Co.*, 400 F.3d at 779.  There are three circumstances in which joinder is not feasible under Rule 19(a): "when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction." *Id.*; *see also* Fed. R. Civ. P. 19(a).

And third, if joinder is not feasible, "the court must determine . . . whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." *Peabody W. Coal Co.*, 400 F.3d at 779.  In fact, although an absent party may be deemed "necessary" under Rule 19(a), that party may not necessarily be "indispensable" under Rule 19(b).   Rather, a "necessary" absentee refers to a person "whose joinder in the action is *desirable*," but without whom the case may potentially proceed. *See id.* ("If understood in its ordinary sense, 'necessary' is too strong a word, for it is still possible under Rule 19(b) for the case to proceed without joinder of the so-called 'necessary' absentee.").

As stated, however, if the "necessary" absentee is also an "indispensable" absentee under Rule 19(b), the case cannot proceed without joining that party and it should be dismissed. *Id.* "Indispensable parties under Rule 19(b) are 'persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.'" *Id.* (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1854)).

Rule 19(b) provides four factors for the court to consider when determining whether a party is "indispensable."  These factors include "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b).

## III.    DISCUSSION

Thunder Properties claims that HUD is an indispensable party to the present action because Defendants are asserting claims under the Property and Supremacy Clauses of the Constitution.  Thunder Properties further claims that HOA and ATC are indispensable parties because Defendants' commercial unreasonableness arguments are based on the conduct of those absent parties and impact the funds HOA received from the sale.  The Court is not persuaded by these contentions, and it finds that none of the absent parties identified here are "necessary" to the current litigation, let alone "indispensable."

### A.  HUD is not a Necessary Party

HUD's absence as a party does not impact the Court's ability to resolve this case.  The ultimate relief sought by the parties here is to quiet title to the Property.  Indeed, the lawful owner of the Property is either Thunder Properties by virtue of its purchase at the HOA foreclosure sale or Bank of America by virtue of its first deed of trust.  The dispositive question is whether Bank of America's counterclaims raise any legal issues that would undermine the application of *SFR Investments* to the instant case.  Since no other entity, governmental or private, is currently claiming title to the Property, the Court is confident that it can "accord

complete relief among [the] existing parties" notwithstanding HUD's absence. Fed. R. Civ. P.

19(a)(1)(A); *see also Yellowstone Cnty. v. Pease*, 96 F.3d 1169, 1172–73 (9th Cir. 1996) (finding

joinder not required where court provided the complete relief requested).

Furthermore, HUD is not currently affirmatively claiming an interest in the Property, but

even if it were, the Court is satisfied that Bank of America's position here sufficiently aligns

with HUD's presumed interest such that, "as a practical matter," HUD's ability to protect that

interest is not being impaired or impeded. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). Indeed, if

Defendants prevail in quieting title in Bank of America's favor, then HUD will find itself in a

position similar to that had the HOA never foreclosed on the Property in the first place.

Thunder Properties has also failed to demonstrate that HUD's absence from the litigation

leaves it or Defendants subject to *any* risk of incurring multiple or inconsistent obligations, let

alone a "*substantial* risk." Fed. R. Civ. P. 19(a)(1)(B)(ii) (emphasis added). While HUD's

potential property interest will be relevant to an analysis of Defendants' counterclaims, there is

no indication that it will likewise affect the resulting obligations of the parties. If Thunder

Properties prevails in this litigation, then it will, of course, have no obligations to Bank of

America or any non-party. Thunder Properties' success in the litigation would be premised on

the merits of Defendants' counterclaims, including the constitutional arguments. If Bank of

America prevails, then Thunder Properties' sole obligation would be to relinquish its claims to

the Property. HUD's potential interest simply would not expand this obligation nor impose an

obligation on Thunder Properties inconsistent thereto.

Finally, the Court notes that Defendants are properly situated to support their

counterclaims with arguments based upon the Property and Supremacy Clauses. The Property

Clause invests Congress with power over property belonging to the United States, U.S. Const.,

6

1    Art. IV, § 3, cl. 2, and although it may not apply to private property, private individuals may

2    certainly raise claims thereunder if a particular transaction would be contrary to a property

3    interest of the Government. *See Cal. Coastal Comm'n v. Granite Rock Co.*, 480 U.S. 572, 575–

4    76, 580 (1987) (challenging a state permitting law as pre-empted by the Property Clause where

5    state imposed environmental regulations that impacted private company engaged in mining on

6    federal land).

7         Likewise, the Supremacy Clause acts as a check on all state law to ensure that it does not

8    run afoul of federal statutes or regulations. *See Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*,

9    458 U.S. 141, 153–54 (1982) (explaining that the pre-emption doctrine may apply where state

10   law stands as an obstacle to the accomplishment and execution of the purposes of Congress as

11   manifested in federal regulations).  Accordingly, an evaluation of whether N.R.S. 116.3116 as

12   applied to federally insured mortgages conflicts with either of these constitutional provisions is a

13   question of law that may be raised by any party, and not just a government agency. *See*

14   *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1383 (2015) (explaining that while

15   the Supremacy Clause "does not create a cause of action," its purpose is to "instruct courts on

16   what to do when state and federal law clash").  For these reasons, the Court finds that HUD is

17   not a party required to be joined in this case under Rule 19.

18              **B.  The HOA and ATC are not Necessary Parties**

19         The HOA and ATC are also not necessary parties to this litigation.  As previously stated,

20   the ultimate relief sought in this case is the quieting of title.  Neither the HOA nor ATC claims

21   any interest in the Property's title, and their absence does not inhibit the Court's ability to

22   provide the requested relief, whether it be afforded to Thunder Properties or Bank of America.

23   The HOA received payment for the outstanding dues when Thunder Properties purchased the

7

1  Property.  The HOA's interest has therefore been satisfied.  And ATC's role in preparing and

2  executing the foreclosure sale in no way translated into a property interest.  Since the HOA and

3  ATC do not and cannot claim any additional interest in the subject of this action, they are not

4  necessary parties.[2]  The Court, therefore, finds that the HOA and ATC are not indispensable

5  under Rule 19, and the litigation may proceed without them.

6                                  **CONCLUSION**

7        IT IS HEREBY ORDERED that Thunder Properties' Motion to Dismiss (ECF No. 37) is

8  DENIED.

9        IT IS SO ORDERED.

10

11  Dated:  __ April 28, 2015 _____

12

13                               _____
                                    ROBERT C. JONES

14                                  United States District Judge

15

16

17

18

19

20

21

22

23

24

---

[2] Even if the HOA had some remaining interest in the Property or this litigation such that it was a necessary party, Thunder Properties has still not proven that the HOA would be an indispensable party.  The HOA will not be prejudiced by the decision in this case.  *See* Fed. R. Civ. P. 19(b)(1).  The HOA will have no obligation to return the $4,538 to Thunder Properties even if Bank of America prevails here.  Thunder Properties was well-aware of the risk it undertook when purchasing the Property given the divide in the Nevada state and federal courts regarding the proper interpretation of N.R.S. 116.3116 prior to *SFR Investments*.  And notwithstanding the risk that its purchase might not extinguish Bank of America's first deed of trust, Thunder Properties "took the plunge."  Thus, if Thunder Properties ends up losing title to the Property, it cannot blame the HOA.  Furthermore, any decision in this case regarding the commercial reasonableness of the foreclosure sale cannot create liability against the HOA or ATC precisely because they are not parties here, nor are they in privity with any existing party. *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005).  The Court acknowledges that the HOA and ATC will have evidence relevant to whether the sale was commercially reasonable.  As Defendants point out, however, the fact that a non-party has important evidence does not make that party necessary or indispensable to the litigation. *See Giaguara S.p.A. v. Amiglio*, 257 F. Supp. 2d 529, 541 (E.D.N.Y. 2003) (finding that a party was not necessary for Rule 19 purposes merely because the plaintiff needed to obtain evidence from the party and noting that "a party is not necessary even if the defendant would have to defend the absent party's actions at trial").  Therefore, the HOA and ATC are not indispensable parties.