**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THUNDER PROPERTIES, INC., | |
| Plaintiff, | |
| vs. | 3:14-cv-00068-RCJ-WGC |
| JAMES L. WOOD et al., | **ORDER** |
| Defendants. | |

This case arises from a residential foreclosure by the Wingfield Springs Community Association ("the HOA") for failure to pay HOA assessments. Pending before the Court is a Motion to Reconsider the prior grant of summary judgment in favor of Defendant Bank of America, N.A. (ECF No. 102.) For the reasons given herein, the Court denies the motion.

## I.  FACTS AND PROCEDURAL BACKGROUND

On or about August 22, 1997, Defendants James and Cynthia Wood ("the Woods") acquired title to real property at 7365 Grand Island Drive, Sparks, Nevada 89436 ("the Property"). (Compl. ¶¶ 8, 13, ECF No. 1-1.) Defendant Bank of America holds first and second deeds of trust against the Property recorded in 2003 and 2006, respectively. (*Id.* at ¶¶ 16–17.) The Property is also subject to the HOA's Covenants, Conditions, and Restrictions ("CC&Rs"), which were recorded in 1996. (*Id.* at ¶¶ 8, 19.) The Woods became delinquent in their dues to the HOA, and the HOA caused Cross-Defendant ATC Assessment Collection Group ("ATC") to

1 | record one or more notices of delinquent association lien and a subsequent notice of default and
2 | election to sell and notice of trustee's sale. (*Id.* at ¶¶ 21–25.) ATC sold the Property at a
3 | foreclosure sale to Plaintiff Thunder Properties ("Thunder") on or about August 8, 2013. (*Id.* at ¶
4 | 27.) Thunder paid $4,538 for the Property, despite an appraised value of $170,000. (Foreclosure
5 | Deed, ECF No. 77-9 at 27–28; Appraisal Report, ECF No. 77-12 at 4–8.) Subsequently, Bank of
6 | America caused Defendant National Default Servicing Corp. ("NDSC") to record a notice of
7 | breach and election to sell and a notice of trustee's sale as to the Property. (*Id.* at ¶¶ 48–49.)

On February 28, 2017, the Court granted summary judgment for Bank of America on the claim of quiet title. (Order, ECF No. 100.) The Court held that the HOA's foreclosure sale could not have extinguished the DOT because the sale was conducted pursuant to NRS 116.3116, and the Ninth Circuit had recently ruled in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), that the statute's opt-in notice provisions are facially unconstitutional. Thunder now argues that the Court committed error in granting summary judgment on this basis, and asks the Court to reconsider its ruling. (Mot. Recon., ECF No. 102.)

## II. LEGAL STANDARD

Granting a motion to reconsider is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In some cases, "other, highly unusual, circumstances" may also warrant reconsideration. *Id.*

///

However, a motion to reconsider "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945; *see also United States v. Lopez-Cruz*, 730 F.3d 803, 811–12 (9th Cir. 2013). Moreover, "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir.), *cert. denied*, 136 S. Ct. 537 (2015).

## III. ANALYSIS

### a. The Scope and Effect of *Bourne Valley*

In *Bourne Valley*, the Ninth Circuit held that the "opt-in notice scheme" of NRS 116.3116—included in the statute until its amendment in October 2015—was facially unconstitutional because it violated the procedural due process rights of mortgage lenders. In its ruling, the Court of Appeals found the state action requirement of the petitioner's Fourteenth Amendment challenge was met, because "where the mortgage lender and the homeowners' association had no preexisting relationship, the Nevada Legislature's enactment of the Statute is a 'state action.'" *Bourne Valley*, 832 F.3d at 1160. In other words, because a mortgage lender and HOA generally have no contractual relationship, it is only by virtue of NRS 116.3116 that the mortgage lender's interest is "degraded" by the HOA's right to foreclose its lien. *Id.* Accordingly, by enacting the statute, the Legislature acted to adversely affect the property interests of mortgage lenders, and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159 (quoting *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983)). The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of

ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.* at 1159.

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS 116.3116 would pass constitutional muster. *See United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *see also William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to facial procedural due process challenge under the Fourteenth Amendment); *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 789 (9th Cir. 2014) (applying *Salerno* to facial substantive due process challenge under the Fifth and Fourteenth Amendments). The fact that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Id.* To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See William Jefferson & Co.*, 695 F.3d at 963 ("If William Jefferson's as-applied challenge fails, then William Jefferson's facial challenge necessarily fails as well because there is at least one set of circumstances where application of § 31000.7 does not violate a taxpayer's procedural due process rights."); *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS 116.3116, which it pinpointed in NRS 116.31163(2). *Bourne Valley*, 832 F.3d at 1158; *see also*

*Bank of Am., N.A. v. SFR Investments Pool 1 LLC*, No. 2:15-cv-691, 2017 WL 1043286, at *9 (D. Nev. Mar. 17, 2017) (Mahan, J.) ("The facially unconstitutional provision, as identified in *Bourne Valley*, is present in NRS 116.31163(2)."). In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which also provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are unconstitutional in each and every application; no conceivable set of circumstances exists where the provisions would be valid. Accordingly, the factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. The HOA foreclosed under a facially unconstitutional notice scheme, and therefore the foreclosure cannot have extinguished Bank of America's DOT.

### b. Thunder's Motion to Reconsider (ECF No. 102)

Thunder has not presented a basis for the Court to reconsider its order. There is no newly discovered evidence, the Court did not commit clear error, and there has been no intervening change in controlling law. Moreover, to the extent Thunder now raises arguments it failed to raise at summary judgment, the Court declines to consider them. A motion to reconsider "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945; *see also United States v. Lopez-Cruz*, 730 F.3d 803, 811–12 (9th Cir. 2013).

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 102) is DENIED.

IT IS SO ORDERED.

DATED: This 23rd day of May, 2017.

_____
ROBERT C. JONES
United States District Judge